**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20403

_____

FRED RIZK CONSTRUCTION COMPANY; DESIGN REHAB, INC.,

Plaintiffs-Appellants,

VERSUS

FEDERAL DEPOSIT INSURANCE CORPORATION as Successor
to Resolution Trust Corporation as Receiver for
Caprock Savings and Loan Association of Lubbock,
Texas,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas

(CA-H-95-4243)

_____

July 17, 1997

Before KING, PARKER, Circuit Judges, and ROSENTHAL,[*] District
Judge.

PER CURIAM:[**]

   Fred Rizk Construction Company and Design Rehab, Inc. ("Rizk"

---

   [*] District Judge of the Southern District of Texas, sitting by
designation.

   [**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5TH CIR. R. 47.5.4.

or "appellants") appeal the district court's order granting summary judgment to the Federal Deposit Insurance Corporation ("FDIC") arguing (1) that the Statute of Frauds was not a defense to the appellants' claim of an oral subordination agreement, and (2) that they presented facts sufficient to survive summary judgment on their negligent misrepresentation tort claim. Having carefully reviewed the record and the parties' arguments, we affirm the district court.

A.

Rizk asserts that the FDIC's statute of frauds defense is precluded by the doctrine of promissory estoppel. The appellants' argument does not find support in the facts of this case and their argument fails. *See "Moore" Burger, Inc. v. Philips Petroleum Co.*, 492 S.W.2d 934, 940 (Tex. 1973) (denying rehearing and pointing out that court's promissory estoppel decision was limited to situation where parties had drafted a written enforceable contract and had promised to sign the contract); *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 770 (5th Cir. 1988) ("defendant should ordinarily not be promissorily estopped from asserting a section 8.319 statute of frauds defense unless there is proof that he at least expressly promised to sign documents that had already been prepared or whose wording had been agreed on and that satisfy the requirements of section 8.319"). The Statute of Frauds operates in this case to bar enforcement of the alleged subordination

2

agreement. *See* Tex. Bus. & Com. Code § 26.01; *21 Turtle Creek Square, Ltd. v. N.Y. State Teachers' Retirement System*, 425 F.2d 1366, 1370 (5th Cir. 1970); *Maginn v. Norwest Mortgage, Inc.*, 919 S.W.2d 164, 167 (Tex. App. 1996).

B.

Rizk also contends that the district court erred in granting summary judgment to the FDIC on the appellants' tort claim. A party may be liable for negligent misrepresentation when it supplies false information to others in business transactions without exercising reasonable care, and the representations are foreseeably and justifiably relied upon. *FDIC v. Calhoun*, 34 F.3d 1291, 1298 & n.4 (5th Cir. 1994). Rizk contends that the Resolution Trust Corporation ("RTC") agents breached their duty of care by providing information regarding the RTC's intent to enter into a subordination agreement and that Rizk justifiably relied on the information.

Any reliance by Rizk on the alleged misrepresentations was unreasonable because Rizk did not have a written promise or a commitment from the RTC. In addition, a federal statute provided that a prerequisite to the execution of a valid subordination agreement was loan committee approval, *see* 12 U.S.C. § 1823(e)(1)(C), and reliance on a government employee's misstatement is rarely reasonable if a clear statute provides otherwise, *United States v. Marine Shale Processors*, 81 F.3d 1329, 1349 (5th Cir.

3

1996) (citing, *inter alia*, *Federal Corp Ins. Corp. v. Merrill*, 332 U.S. 380, 381-82, 68 S. Ct. 1, 2, 3, 92 L. Ed. 2d 10 (1947)), as it did in this case.  *See Kershaw v. Resolution Trust Corp.*, 987 F.2d 1206, 1210 (5th Cir. 1993).  The appellants' argument on this issue fails as well.

AFFIRMED.